IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE ARCHULETA,

       Plaintiff,

Case No. 1:17-cv-00546-KRS

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

       Defendant.

## ORDER GRANTING IN PART MOTION TO REMAND AND REMANDING TO APPEALS COUNCIL

**THIS MATTER** comes before the Court on Plaintiff Michelle Archuleta's motion to reverse and remand the agency's determination that she is not disabled under the Social Security Act. Archuleta asserts two bases for remand: (1) the Appeals Council did not consider medical evidence received after the Administrative Law Judge ("ALJ") rendered his decision; and (2) the ALJ failed to consider Plaintiff's obesity in fashioning her residual functional capacity ("RFC"). (Doc. 19). With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court has reviewed the parties' submissions as well as the administrative record. (*See* Docs. 14, 19, 21, & 24). Having done so, the Court determines that before it may review the ALJ's decision for substantial evidence and legal correctness, remand to the Appeals Council is required for consideration of treating provider Susan McQuade, FNP's assessment of Archuleta's physical and non-physical ability to undertake work-related activities.[1]

---

[1] Contrary to Archuleta's arguments, the assessments of Steven Jones, D.O. and physical therapist Rommel Cruz, were considered by the Appeals Council and included in the record. The Appeals Council explained that their records did not provide a basis for changing the ALJ's decision. The Appeals Council was not required to explain its reasoning further, and because these treating providers' paperwork is part of the administrative record, the Court may consider it in reviewing the ALJ's decision. *See Vallejo v. Berryhill*, 849 F.3d 951, 955 (10th Cir. 2017) (explaining that "an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review" but "the Appeals Council is required only to 'consider' the new evidence—and a conclusory

Following the ALJ's unfavorable decision, Archuleta sought review from the Appeals Council. (AR-17). As part of her request, Archuleta asked the Appeals Council to consider a "medical assessment of ability to do work-related activities (physical and non-physical)" that McQuade prepared and Archuleta submitted after the ALJ rendered his decision. (AR 1-7). The Appeals Council returned McQuade's paperwork to Archuleta because, in its view, "[t]his new information is about a later time" and "does not affect the decision about whether you were disabled beginning on or before April 20, 2016 [the date of the ALJ's determination]." (AR 2-6). The Appeals Council also encouraged Archuleta to file a new application for disability benefits for the timeframe postdating ALJ's decision. (AR 2).

The Appeals Council's determination that new evidence does not qualify for consideration is subject to judicial review. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172-73 (10th Cir. 2005); *Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013). Generally, the Appeals Council should consider evidence not before the ALJ so long as it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability the evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a). Here, the Appeals Council determined that the FNP McQuade's opinion was not temporally relevant.

The Court disagrees with the Appeals Council's conclusion. The medical assessment itself is a form the agency sends to providers and in it McQuade was asked to Archuleta's ability to do physical and non-physical work-related activities by "considering [Archuleta's] current

---

statement that it has done so is sufficient" and noting that "when claimant submits new evidence to Appeals Council and Appeals Council accepts it, that evidence becomes part of the record to be considered by court in performing substantial-evidence review"). FNP McQuade's assessment is different because the Appeals Council determined it did not qualify for consideration at all and did not make her evaluation of Archuleta's abilities part of the administrative record. As explained below, this Court may review the Appeals Council's rejection of the new evidence as qualifying for consideration.

medical history *and* the chronicity of findings as from 2015 to the current examination." (Doc. 19-1, at 1-2). Thus, while the assessment postdated the ALJ's adverse decision, it relied on medical information from—and necessarily related to—a period before the ALJ's decision.

The Commissioner nonetheless complains that McQuade's opinions are not material, but the Appeals Council did not rely on materiality to reject the evidence. Instead, the Appeals Council concluded the assessment was chronologically flawed. In any event, it appears undisputed that, if credited, the limitations in McQuade's evaluation would have resulted in a more restrictive RFC, which could have precluded work in the national economy. *See Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (explaining that new evidence is material "if there is a reasonable possibility that [it] would have changed the outcome"). While there could be statutory and commonsense reasons to discount the McQuade's opinion, the Court concludes that an opinion from a treating provider that calls into question the ALJ's RFC creates at least a reasonable *possibility* of a different outcome. The Appeals Council should have considered McQuade's opinions and incorporated her medical assessment into the record for further judicial review. The Court therefore remands the matter to allow the Appeals Council to fulfill its regulatory obligation.[2]

---

[2] The Commissioner argues that the Court must remand, if at all, pursuant to sentence six, not sentence four of 42 U.S.C. § 405(g) for the Appeals Council to address McQuade's medical assessment. A sentence-four remand applies where there is a substantive ruling by the Court as to correctness of the Commissioner's decision, whereas a sentence six-remand does not deal with the correctness of the administrative determination. The former is final and the latter is interlocutory. *See Honeycutt v. Colvin*, 2015 U.S. Dist. LEXIS 49908, at *13 (D. Kan. Apr. 16, 2015). In this case, the Court's ruling is substantive: the Appeals Council did not correctly apply the agency regulations addressing consideration of new, material evidence that was submitted to the Appeals Council after the ALJ's decision. 20 C.F.R. § 416.1470(a). Sentence six also applies where the new evidence was never presented to the Commissioner. In the present case, the new evidence was submitted to the Appeals Council and rejected. *See id* (explaining the many reasons why the Tenth Circuit "would hold that the Court's remand based on the Appeals Council's exclusion of qualifying evidence is a sentence-four remand"). The Court's order of remand is premised on sentence four.

**IT IS, THEREFORE, ORDERED** that motion to reverse and remand for rehearing (Doc. 19) is **GRANTED IN PART** and the case is **REMANDED** to the Appeals Council to consider FNP McQuade's medical assessment.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE